UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VETON GJOLIKU,

       Petitioner,

v.                                             Case No. 1:06-CV-458

MICHAEL CHERTOFF, et al.,             HON. GORDON J. QUIST

       Respondents.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Petitioner's Objection to the report and recommendation dated September 25, 2006, in which Magistrate Judge Brenneman recommended that Petitioner's motion for summary judgment be denied, that Respondent's motion for summary judgment be granted, and that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed. In particular, the magistrate judge concluded that all but 54 days of Petitioner's detention were suspended in the calculation of the 90-day detention period pursuant to 8 U.S.C. § 1231 in light of Petitioner's dilatory conduct and, therefore, as of the date of the report and recommendation, Petitioner's 90-day mandatory detention period had not run. The magistrate further concluded that, even if the 90-day detention period was not suspended, Petitioner failed to demonstrate that there was no significant likelihood of removal in the reasonably foreseeable future. Also before the Court are Petitioner's motion for an oral hearing, Petitioner's motion to file supplemental brief to present new evidence, and Petitioner's second motion to present new evidence, all of which were filed subsequent to the report and recommendation. After conducting a *de novo* review of the report and

recommendation, the Court concludes that the report and recommendation should be adopted by the Court. The Court will also deny Petitioner's motions for a hearing and to present new evidence.

Petitioner first notes in his objection that he has now filed the complete administrative record in the underlying immigration proceedings, presumably to provide the Court with the immigration judge's decision setting forth the basis for Petitioner's removal and detention, as well as an I-130 receipt regarding the petition to sponsor alien relative referenced in the report and recommendation. Petitioner did not submit these documents to the magistrate judge, and, therefore, they did not form the basis of any part of his findings or conclusions. Moreover, Petitioner fails to raise a specific objection in connection with these materials. Accordingly, these documents provide no basis for rejecting the report and recommendation.

Petitioner argues that the magistrate judge erred in concluding that the 90-day detention period was suspended, pursuant to 8 U.S.C. § 1231(a)(1)(B)(ii), when Petitioner filed his two motions to stay his removal in the Second Circuit and his motion to stay in the Board of Immigration Appeals ("BIA").[1] In other words, Petitioner argues that the phrase "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order," means that the detention period is suspended only after a stay is actually granted. Even if Petitioner is correct, which the Court does not decide, there is no indication that the magistrate judge relied upon § 1231(a)(1)(B)(ii). Rather, a commonsense reading of the report and recommendation shows that the magistrate judge relied upon § 1231(a)(1)(C), which provides that the 90-day detention period is suspended for any period in which "the alien . . . conspires or acts to

---

[1] Petitioner cited 8 U.S.C. § 1231(a)(1)(A)(ii) in his objection, but, as Respondents noted in their response, Petitioner apparently meant to cite § 1231(a)(1)(B)(ii)

prevent the alien's removal subject to an order of removal," as the basis for his conclusion. This is evident from the magistrate judge's citation to *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 n.4 (11th Cir. 2002), which concluded that the petitioner's filing for a stay of deportation interrupted the running of the detention period.

Petitioner also contends that in purporting to balance the constitutional requirement of reasonableness against Petitioner's dilatory tactics, the magistrate judge erroneously concluded that this is a case of dilatory tactics, when he should have focused instead upon the merits of Petitioner's pending appeal before the Second Circuit. The Second Circuit's recent summary rejection of Petitioner's petitions for review of the BIA's denials of his motions to reopen and reconsider his removal proceedings, as well as its denial of Petitioner's motion for a stay of removal, *see Gjoliku v. Gonzales*, Nos. 06-0777-ag (L), 06-2132-ag (con) NAC, 2006 WL 3147493 (2d Cir. Nov. 2, 2006), has taken much, if not all, of the wind out of Petitioner's sails on this argument, notwithstanding Petitioner's pending petition for rehearing and rehearing *en banc*. Moreover, Respondents make a persuasive argument that *Ly v. Hansen*, 351 F.3d 263 (6th Cir. 2003), does not require such balancing in a post-order removal setting under 8 U.S.C. § 1231, but even if balancing of those interests is required in this case, this Court agrees with the magistrate judge that Petitioner's continued detention was not unreasonable in light of the fact that Petitioner would have been removed to Albania but for the delay created by Petitioner's appeals and motions. Finally, the Court also notes that the Second Circuit's summary denial fortifies the magistrate judge's alternative conclusion that Petitioner failed to show that there is no significant likelihood of removal in the reasonably foreseeable future.

Finally, Petitioner contends that he is entitled to release from detention because he has not had a proper custody review or a personal interview as required by 8 C.F.R. § 241.4. In support of this assertion, Petitioner cites an unreported decision from another district court in *Haynes v. Department of Homeland Security*, No. 3:CV-05-339 (M.D. Pa. Oct. 4, 2005). That decision does not support Petitioner's argument, however, because in *Haynes*, the district court had previously ordered the Bureau of Immigration and Customs Enforcement ("BICE") to afford the petitioner the opportunity to be heard on the question of conditional release pending judicial review of the removal decree and it had determined that the procedures set forth in 8 C.F.R. § 241.4(I) were sufficient to satisfy due process requirements. That court determined that the petitioner was entitled to release because BICE failed to personally interview the petitioner. Here, the Court has not previously ordered Respondents to personally interview Petitioner. Moreover, as Respondents note, pursuant to 8 C.F.R. § 241.4(c)(1) and (h)(1), the initial custody determination following the expiration of the 90-day detention period is made by the district director or the Director of the Detention and Removal Field Office having jurisdiction over the alien, and the official conducting the review has discretion to interview the alien, but is not required to do so.

As mentioned above, Petitioner has filed two motions to offer new evidence. In his first motion, Petitioner seeks to present a letter from Senator Carl Levin's office enclosing an e-mail from Marylynn Qurnell, Congressional Liaison, Office of Congressional Relations, U.S. Department of Homeland Security, which Petitioner claims shows that Petitioner "has been held in detention for over 15 months not because he is a flight risk or because of dilatory tactics . . . but because of the immigration judge's erroneous opinion that [Petitioner] persecuted others, due to a position he held in Albania for just two months." Regardless of Petitioner's interpretation of the e-mail, the Court

finds it immaterial to the instant petition, and the Court fails to see how it could alter the magistrate judge's conclusion that Petitioner's continued detention was the result of his efforts to stave off the deportation through his appeals and motions. In his second motion to submit additional evidence, Petitioner merely seeks to establish that has filed a petition for rehearing and for rehearing *en banc* in the Second Circuit. In light of Petitioner's previous unsuccessful appeals and motions, Petitioner's so-called new evidence does not require a different result. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued September 25, 2006 (docket no. 31) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Petitioner's Motion For An Oral Hearing (docket no. 36), Petitioner's Motion To Accept Supplemental Brief And Evidence (docket no. 37), and Petitioner's Motion To Accept Additional Evidence (docket no. 39) are **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is **DISMISSED**.

This case is **concluded**.


Dated: February 14, 2007             /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE